# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| STEVEN D. KIDERLEN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | 2:11-cv-323-JMS-WGH |
| E. RICHARD WEBBER, et al., | ) |  |
| Defendants. | ) |  |

## Entry Discussing Selected Matters

**I.**

A **copy** of the plaintiff's statement filed on January 27, 2012 [13], **shall be included** with the distribution of this Entry.

**II.**

It is unclear what the plaintiff seeks through his post-judgment filings. The most that might be inferred from those filings is that the plaintiff is dissatisfied with the disposition of the action.

The disposition of this action was the plaintiff's abandonment of it. This consisted of his motion for voluntary dismissal filed on January 5, 2012. A party's voluntary action in obtaining an order may estop him from seeking relief from that order. 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2858, at 282 (1995). *See Shackleton v. Food Mach. & Chem. Corp.,* 248 F.2d 854 (7th Cir. 1957) (where plaintiff dismissed defendant from suit, court's refusal to vacate order dismissing defendant was not abuse of discretion). Apart from that principle, moreover, the action was dismissed without prejudice. Reinstatement is not an available avenue when, as here, a case is dismissed without prejudice. Rather, "after a dismissal without prejudice, the plaintiff can resurrect his lawsuit only by filing a new complaint." *U.S. v. Ligas*, 549 F.3d 497, 503 (7th Cir. 2008)

(noting that "[t]here is a difference between dismissing a suit without prejudice and dismissing a suit with leave to reinstate").

Based on the foregoing, therefore, any relief which his post-judgment "statement" and other filings can be construed to seek is **denied**.

**IT IS SO ORDERED.**

Date: 02/13/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Steven D. Kiderlen
32711-044
Atwater U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 019001
Atwater, CA 95301